# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

JS - 6

Case No. SA CV 11-0647 DOC (AGRx)            Date: June 21, 2011

Title: PHILIPPE Z. ZATTA v. SOCIETE AIR FRANCE

---

PRESENT:

           THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFFS: ATTORNEYS PRESENT FOR DEFENDANTS:

NONE PRESENT            NONE PRESENT

---

PROCEEDING (IN CHAMBERS): ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

       Before the Court is a Motion to Remand Case to State Court filed by Plaintiff in the above-captioned case. (Docket 7). Defendant's Opposition, if any, was due on June 20, 2011. To date, Defendant has not filed an Opposition.

       Accordingly, pursuant to Local Rule 7-12, the Motion is hereby GRANTED as UNOPPOSED. This case is ordered remanded back to state court. Nonetheless, upon review of the relevant documents, the Court also notes that it finds the remand warranted on the merits as well.

       Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The party seeking removal bears the burden of establishing federal jurisdiction. *See Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988). Furthermore, courts construe the removal statute strictly against removal. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

           **1.**      **Diversity Jurisdiction**

Federal diversity jurisdiction requires that all plaintiffs to an action be "citizens of different States" than all defendants, and that the amount in controversy exceed $75,000. 28 U.S.C. § 1332. Neither Mr. Zatta nor Air France allege that diversity jurisdiction exists. Moreover, the uncontested amount in controversy is less than $75,000. Notice of Removal ("Notice") at ¶ 5.

### 2. Federal Question

Air France claims that "[s]ince [Mr. Zatta's claim] is a civil action which alleges delay and injury arising out of an international flight, it is governed by a treaty of the United States, specifically the Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, 137 L.N.Y.S. 16 (the "Warsaw Convention")." Notice at ¶ 6. Consequently, Air France contends that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and that removal is proper pursuant to 28 U.S.C. § 1441(b).

The presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal question jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint. *Wayne v. DHL Worldwide Express,* 294 F.3d 1179, 1183 (9th Cir. 2002). Here, Mr. Zatta's complaint does not allege or plead any claim raising a federal question. The face of the complaint merely states a single breach of contract claim governed by California law. Therefore, Mr. Zatta's complaint fails to plead that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

There are exceptions to the well-pleaded complaint rule. One exception is the "artful pleading" doctrine, which provides that a federal action disguised or pleaded as a state law cause of action may be properly removed. *Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394 (1981). Perhaps more relevant to the present case is the "complete preemption" doctrine, an exception which provides that a state cause of action can be deemed to arise under federal law where a federal law completely preempts state law. *ARCO Enval Remediation, L.L.C. v. Dep't of Health& Envtl Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000). When "the preemptive force of a [federal] statute is so extraordinary that it converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule," removal will be proper. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987) (internal citations and quotation marks omitted), *quoted in In re NOS Communications, MDL No. 1357,* 495 F.3d 1052, 1057 (9th Cir. 2007). In other words, "[o]nce an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.*; *see also Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2003) ("[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption . . . a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law.")

The complete preemption doctrine, however, is narrowly construed. *See Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 (9th Cir. 1993) ("The [complete preemption] doctrine does not

have wide applicability; it is a narrow exception to the 'well-pleaded complaint rule'"); *Gatton v. T-Mobile USA, Inc.*, No. SACV 03-130 DOC, 2003 WL 21530185, at *5 (C.D. Cal. Apr. 18, 2003) ("The complete preemption doctrine is, however, extremely narrow" (citing *TPS Utilicom Servs., Inc. v. AT&T Corp.*, 223 F. Supp. 2d 1089, 1097 (C.D. Cal. 2002)). In fact, "only three areas have been deemed areas of complete preemption by the United States Supreme Court: (1) claims under the Labor Management Relations Act (2) claims under the Employment Retirement and Insurance Security Act (ERISA), and (3) certain Indian land grant rights." *Gatton*, 2003 WL 21530185, at *5 (internal citations omitted).

Air France removes this action on the purported basis that this Court "has federal question jurisdiction over Plaintiff's claim since it is governed by [the Warsaw Convention]." Notice at ¶ 6. Surprisingly, Air France does not mention the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, ICAO Doc. 9740, S. Treaty Doc. No. 106-45, 1999 WL 33292734 (2000) (the "Montreal Convention") in its Notice. "The Montreal Convention supersedes the much older Warsaw Convention." *Serrano v. Am. Airlines, Inc.*, CV08-2256 AHM (FFMX), 2008 WL 2117239 (C.D. Cal. May 15, 2008); *see also Sompo Japan Insurance, Inc. v. Nippon Cargo Airlines Co.*, Ltd., 522 F.3d 776, 780 (7th Cir.2008) ("The Montreal Convention . . . was the product of a United Nations effort to reform the Warsaw Convention"); *Schaefer-Condulmari v. US Airways Group, Inc.*, No. 09-1146, 2009 WL 4729882 at *6 (E.D.Pa. Dec. 8, 2009) ("As the replacement for the Warsaw Convention, the Montreal Convention . . . ."). This omission is puzzling.

Though Air France asserts that Mr. Zatta's breach of contract claim is governed by the Warsaw Convention, Air France does not explicitly claim that Mr. Zatta's claim is completely preempted. Nonetheless, even if Air France argues for complete preemption, federal courts disagree as to whether the Warsaw Convention completely preempts state law. *Compare Husmann v. Trans World Airlines, Inc.*, 169 F.3d 1151, 1151 (8th Cir. 1999) (finding Warsaw Convention completely preempted a state tort action), *Schaefer-Condulmari*, 2009 WL 4729882 at *9 (holding that the Warsaw Convention completely preempts state law because it contains civil enforcement provisions that encompassed plaintiff's claims and because the exclusivity provision evidenced an intent to provide an exclusive federal remedy), *Schoeffler-Miller v. Northwest Airlines, Inc.*, No. 08-CV-4012, 2008 WL 4936737, at *3 (C.D. Ill. Nov. 17, 2008) (finding Montreal Convention completely preempts state tort law), *and Singh v. N. Am. Airlines*, 426 F. Supp. 2d 38, 48 (E.D.N.Y. 2006) (same), with *Sompo Japan Insurance, Inc.* 522 F.3d at 785 (finding that the Warsaw Convention's exclusivity provisions "simply operate as an affirmative defense" but did not completely preempt state law causes of action), *Narkiewicz-Laine v. Scandinavian Airlines Sys.*, 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008) ("Plaintiff brought state-law breach of contract claims. Because the conditions and limits of the Montreal Convention are defenses to the state-law claims raised by plaintiff, they do not provide a basis for federal-question subject matter jurisdiction"), *Rogers v. American Airlines, Inc.*, 192 F. Supp. 2d 661, 663 (N.D. Tex. 2001) (holding removal of plaintiff's state claims improper because "the delicate balance between state and federal courts cautions against finding that the field of international air travel is so completely preempted that any claim relating to the area is 'necessarily federal in character,'"

despite the Warsaw Convention's substantial scope (quoting Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63-64 (1987))), *Akrami v. British Airways PLC*, No. C 01-02882 SC, 2002 WL 31031324, *3-5 (N.D. Cal. Sept. 10, 2002) (no complete preemption in the Warsaw Convention); *and Fournier v. Lufthansa German Airlines*, 191 F. Supp. 2d 996, 1003 (N.D. Ill. 2002) (same).

In this District, two courts have recently held that plaintiffs' state-law claims were not completely preempted by the Warsaw or Montreal Conventions. *See Nankin v. Cont'l Airlines, Inc.*, No. CV 09-07851 MMM (RZx), 2010 WL 342632 at *8 (C.D. Cal. Jan. 29, 2010) ("Plaintiffs allege no federal claims; their only causes of action are based on state statutory and common law. The court is not persuaded that state law claims such as plaintiffs' are preempted by the Montreal Convention."); *Serrano*, No. CV 08-2256 AHM (FFMx), 2008 WL 2117239 at *7 (C.D. Cal. May 15, 2008) ("[T]he Montreal Convention does not completely preempt claims such as Plaintiffs' from being litigated in state court.")

## II. Disposition

For the reasons stated above, as well as the fact that the Motion to Remand is unopposed, the Court GRANTS the Motion and remands this case to state court.